The opinion of the Court was delivered by
O’Neall, J.
In this case I have very little to add to the opinion which I pronounced on refusing the rule. Indeed what I have to say is little more than explanatory, with perhaps some little amplification of the main grounds on which my judgment below was rested.
It is said in that opinion that the polls are to be purged by deducting from the candidate having the highest votes at a poll the bad votes there given. This has always been my construction of the rule adopted by the House of Representatives; and I supposed it was fully settled in 1832, in the Small Hope’s poll. But I have since learned that decision was placed on the special circumstances. I note this matter as not at all important to he case in hand : but to leave open to future examination a matter which I had supposed to be settled.
It may be, too, as was supposed in the argument, that I cited *304 from the Act of 1817, instead of the Act of 18 i 9, the words of the registry law.(a) Both Acts are of force, and both are in substance the same. For I do not perceive that there is any difference between “before the election” and “before the day of election.”
In the computation of time, the day from which the reckoning commences, and that on which it terminates, may both be included or excluded as will best preserve a right or prevent a forfeiture. ( Williamson vs. Farrow, 1 Bail. 611; McElwee vs. White, 2 Rich. 95.) In this case compute the time including the day from which the reckoning begins, and exclude the day of election, and still the votes were registered one calender month “ before the day of election.”
The cases of Cleary vs. DeLiesseline, (1 McC. 35,) and the State vs. DeLiesseline, (1 McC. 52,) are full to the point, that an information in the nature of a quo warranto cannot, be filed on the motion of an individual, but must be in the name of the Attorney General. This is, 1 think, also applicable to the present case. It is a mere motion for a rule. But if the Attorney General can alone authorize the filing of the information, how can any other ask for a rule ? I confess I do not perceive any reason that it should be so. The injury complained of is public, the remedy is to be a public one, and the judgment is to bind the public ; hence it would seem altogether proper that the public officer should, at least in name, carry on the whole matter.
That the granting or refusing the rule is a matter addressed to the discretion of the Judge, is not denied. It is said that is a legal discretion. That I admit! But still a legal discretion is to be exercised by, inquiring, is this investigation to benefit the people? Will it have any practical results which cannot be obtained in the usual manner, the ballot box ? These were all appealed to in the discretion exercised. So, too, the public convenience is another matter which ought to be looked to in a matter of this kind, and compared with the injury complained of. This was also done in the judgment below. Legal discre *305 tion I understand to be the opposite of caprice : one rests upon reasons; the other upon the “ sic jubeo” alone.
The cases of the People ex relat. Teel vs. Sweeting, (2 Johns. R. 184); Commonwealth vs. Athearn, (3 Mass. 285); the Commonwealh vs. Reigart, (14 Serg. & R. 216,) cited by the attor-nies for the respondent, are, so directly in point on the matters involved in the exercise of the discretion of the Judge below in refusing the motion, that it is only necessary to refer to them to end the argument.
The motion is dismissed.
Evans, Wardlaw, Frost and Withers, JJ. concurred.
Whitner, J. absent.

Motion dismissed.

(a) City Ordinances, 345, 346.